**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gonzalo Mata, ) | No. 04-CV-277-TUC-FRZ |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Pima County, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Pima County's motion for summary judgment. Plaintiff Gonzalo Mata did not respond to the motion for summary judgment. Also pending before the Court is Pima County's Rule 7.2(i) motion for a summary disposition of its motion for summary judgment.

**LRCiv 7.2(i) Motion**

Pima County requests that, pursuant to LRCiv 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona, the Court summarily grant its motion for summary judgment because Mata failed to respond to it.

LRCiv 7.2(i) provides, in relevant part, that, "if the opposing party does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." However, the Ninth Circuit Court of Appeals has "repeatedly held that a motion for summary judgment cannot be granted simply because the non-moving party violated a local rule."

1 *Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1081-82 (9th Cir. 2000). And, although 2 the Court has the discretion to determine whether failure to comply with a local rule should 3 constitute consent to the granting of a motion, the trial court abuses its discretion when it 4 "grant[s] a motion for summary judgment where the movant's papers are insufficient to 5 support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill* 6 *Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

7   Mata is "under no obligation to offer affidavits or any other materials in support of 8 [his] opposition. Summary judgment may be resisted and must be denied on no other 9 grounds than that the movant has failed to meet its burden of demonstrating the absence of 10 triable issues." *Id.*

11  Therefore, the Court, in its discretion, will deny Pima County's motion for summary 12 disposition and, instead, will evaluate the merits of the motion for summary judgment.

## Motion for Summary Judgment

### A.   The Complaint

16  In his Complaint, Mata alleges that Pima County discriminated against him in 17 retaliation for filing a complaint with the Arizona Civil Rights Division (ACRD). He asserts 18 that Pima County gave him a poor performance evaluation on November 6, 2003, which 19 made him ineligible for a merit pay increase. He contends that this conduct violated Title VII 20 of the Civil Rights Act, 42 U.S.C. § 2000e-3; and 42 U.S.C. § 1981.[1]

---

[1] The Court notes that the title of Count Two of the Complaint reads: "Employment Discrimination; Race/National Origin." But Mata makes no claim of discrimination based on his race or national origin in the Complaint or in his December 9, 2003 Charge of Discrimination, which was filed with the ACRD and Equal Employment Opportunity Commission (EEOC) and is attached to the Complaint. The December 9, 2003 Charge of Discrimination only alleges retaliation for filing a prior charge with the ACRD. The Court will only consider the retaliation claims. *See Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001) (Court only has jurisdiction over charges of discrimination that are included in a formal ACRD or EEOC charge, or are "'like or reasonably related' to the allegations in the EEOC charge, or that fall within the 'EEOC investigation which can reasonably be expected to grow out [of] the charge of discrimination.'" (quoting *Deppe v. United Airlines*,

### B. Summary Judgment Standard

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2553-54. The moving party merely needs to point out to the Court the absence of evidence supporting its opponent's claim; it does not need to disprove its opponent's claim. *Id.*; *see also* Fed. R. Civ. P. 56(c). If a moving party has made this showing, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514; *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

### C. Discussion

The Court "evaluate[s] § 1981 claims the same as [it does] Title VII claims." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1073 (9th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3407 (U.S. Oct. 19, 2005) (No. 05-846). To establish a prima facie case of retaliation under Title VII or § 1981, the plaintiff must show that he was engaged in protected activity, he was thereafter subjected to an adverse employment action by his employer, and there is a causal link between the protected activity and the adverse employment action or the protected activity was a substantial or motivating factor for the adverse employment action. *See Porter*

---

217 F.3d 1262, 1267 (9th Cir. 2000))).

*v. California Dep't of Corrections*, 419 F.3d 885, 894 (9th Cir. 2005); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

Pima County alleges that it is entitled to summary judgment because Mata cannot show that he suffered an adverse employment action. Pima County states that Mata's November 6, 2003 performance evaluation was "average"; he received an overall performance rating of "meets job requirements." Pima County asserts that this performance rating made Mata eligible for a merit pay increase for the 2003-2004 fiscal year. Pima County contends that Mata did not receive a merit pay increase because none of Pima County's employees received one because the Pima County Board of Supervisors did not appropriate funds for merit pay increases for that year.

Pima County's allegations are supported by affidavits from various Pima County employees and Mata has not contradicted them or otherwise demonstrated that there is a genuine issue of material fact. In addition, Pima County is entitled to judgment as a matter of law. *See Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002) ("[A] performance evaluation that was mediocre (rather than 'sub-average') and that did not give rise to any further negative employment action did not violate Title VII."); *see also Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001) (no adverse employment action where policy applied to all employees).

The Court concludes that Mata has failed to demonstrate a genuine issue as to whether he suffered an adverse employment action and Pima County is entitled to judgment as a matter of law. Thus, the Court need not address Pima County's alternative argument – that Mata cannot show a causal link between the protected activity and an adverse employment action because "Mata cannot show that the person who took the allegedly adverse employment action was aware of his protected activity."

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Defendant's Rule 7.2(i) motion for summary disposition (U.S.D.C. document #42) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (U.S.D.C. document #37) is **GRANTED** and the Clerk of the Court is **directed** to enter judgment for Defendant and against Plaintiff accordingly.

DATED this 8th day of February, 2006.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge